# ROMERO, Plff.,

### v.

# CALAF, Dft.

---

San Juan, Law, No. 922.

MOTION OF PLAINTIFF FOR DISTRIBUTION OF FUND.

Fund in Court—Judicial Knowledge of Proceedings.
　　1. The court cannot be ignorant of matters affecting a fund in court, even though they be in proceedings having different file numbers.

Fund—Distribution.
　　2. Claims against a fund in court can be established where the fund arises in a law case, and not from under any recognized heads of equity. Claims purely legal can constitutionally be established only in a jury trial unless a jury is waived under Rev. Stat. §§ 648, 649.

Fund—The Undisputed Residuum.
　　3. A verdict recovered, having been paid into court and different claims filed, the plaintiff will not be debarred from receiving such amount as is undisputed, and this whether by agreement or upon proper showing ex parte.

Opinion filed July 10, 1917.

Romero v. Calaf.

*Mr. Frank Martinez* for plaintiff.

*Mr. J. R. F. Savage* for Wilcox.

*Mr. Chas. Hartzell* for claimants.

HAMILTON, Judge, delivered the following opinion:

In this case a judgment for some $21,000 was recovered by the plaintiff; and, after proceedings showing dispute between plaintiff and his attorney Wilcox, the court directed that the defendant should pay the judgment into the court. Plaintiff now produces a contract between him and his attorney Wilcox showing that there was to be an equal division between them, and prays that half the fund be turned over to the plaintiff. This is resisted by different claimants.

1. It is urged on behalf of the plaintiff that whatever claims there may be are either not on file in this case, or run against the share of Wilcox alone. The court, however, cannot be ignorant that a verdict for $2,500 was recently recovered by Olmedo against the present plaintiff as fee for services rendered him in this same case; and that, on the other hand, there was produced in evidence a "liquidation" between Romero and Wilcox tending to show a modification of the original 50 per cent contract. The court may not be in position to pass upon the validity of these and similar matters, but at all events does not feel at liberty to ignore them. The question is not of suits so much as of persons, the suits being important only so far as they confer or take away rights of parties.

2. It is objected that under such circumstances the court

cannot dispose of this matter upon motion, but that some more formal proceedings, for instance a bill in equity to marshal the claims to the fund in court, is requisite in order to secure a proper distribution. The reason for a motion in the main case is said to be to avoid the delay incident to a chancery suit; but the case of Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523, Ann. Cas. 1914D, 1029, would seem to make the procedure at law not more expeditious. It is there held, and it has been followed on this point in this court in the case of Rios v. Wilcox, that all questions of fact must in the Federal courts be tried out before a jury, that accordingly if a man has a money claim against another he must establish it in a regular jury trial. So that it would appear either that the present matter must be sifted by a bill in equity to marshal claims, or by one or more actions at law to establish the money claims in question. The fund being in the possession of the court, however, this motion will be set for next Saturday, and notice served upon all parties in interest requiring them to file answers setting up any claims or liens they have to the fund in court. If the parties wish the court to go on and decide the matter, it is possible it may be put in a shape to avoid the jury requirement under Revised Statutes, §§ 648, 649, Comp. Stat. 1916, §§ 1584, 1587. If not, the court, upon return of these answers, will at least be in better condition to make up the issue and provide for proper procedure.

3. There is, however, one question which the court does feel called upon to decide. The plaintiff brought this suit and got a large verdict. On account of differences with attorneys the matter has been tied up, but the court is unwilling for a

Romero v. Calaf.

plaintiff to be deprived of at least such portion of the verdict as no one else claims. It is not right for the plaintiff, who is a nonresident, to be compelled to remain in San Juan, employ attorneys, and suffer delays in order to recover what no one else claims of the verdict he has recovered. The court, therefore, will be pleased if the parties will get together and by next Saturday admit in open court what sum, whether it be one thousand or ten thousand dollars, the plaintiff is entitled to without question, and an order will be entered directing the clerk to pay this amount over to him. The court further directs that if no agreement is so made, the plaintiff shall himself amend his motion or file another, setting out the facts, so that the court can determine what of the verdict is not subject to other claims, and will, upon a hearing, determine as the facts justify. The case for these different purposes is therefore set for Saturday, July 14, 1917.